STATE *vs.* HARRY WALLACE.

*Criminal Law—Homicide—Murder—Manslaughter—Malice—*
*Deadly Weapon——Presumption of Innocence—*
*Reasonable Doubt.*

1. Murder of the first degree, murder of the second degree, and manslaughter defined. Malice defined.

2. Where the killing is admitted and no accompanying circumstances of justification, excuse or mitigation appear, the law presumes that it was done with malice aforethought; and in such case it is incumbent on the prisoner to show such provocation or alleviation as will suffice in law to rebut malice.

3. If death is produced by a deadly weapon, great must be the provocation to reduce the homicide from the grade of murder to the grade of manslaughter.

4. Every person is presumed to be innocent till proven guilty. It is incum-

bent on the State to prove every material element of the crime charged.  In murder, malice is a material element and must be proved.  It may be proved, however, by any and all circumstances surrounding the case which show that the act complained of was the outcome of a cruel, wicked and depraved heart and was wilfully and recklessly done.

5.   Reasonable doubt, defined.

*(December 7, 1899.)*

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Robert C. White,* Attorney-General, and PETER L. COOPER, Jr., Deputy Attorney-General, for the State.

*David J. Reinhardt* and *Robert H. Richards* for the defendant.

At a Court of Oyer and Terminer in New Castle County, beginning December 7, 1899, the prisoner was placed on trial on an indictment charging murder of the first degree for the killing of his common-law wife, Mary E. Perry, on the sixth day of November, A. D. 1899.   The fact of the killing by the prisoner was not disputed.   He was the only witness who could speak as to the actual circumstances and his statement was that, during an altercation and fight that took place between him and the deceased, during which she ran at him with a hammer, weighing several pounds, he wrested the hammer from her and, because of the paroxysm of rage and excitement produced by the circumstances, he knew nothing more until he saw her lying either dead or dying in or near a fireplace in the kitchen of their home, where the tragedy occurred. There was evidence that there had been sharp words between the prisoner and the deceased on the same morning that the murder occurred and but a short time previous thereto, and that the prisoner had been ordered off the place by the deceased.

One witness testified that he had seen the accused near the house, just prior to the killing, with a hammer or a hatchet in his hand.   Another witness testified that she saw the prisoner running

across the field towards the public road after the happening of the tragedy.

LORE, C. J., charging the jury:

Gentlemen of the jury:—It is not disputed that the death of Mary E. Perry, on the sixth day of November, A. D. 1899, was the result of wounds inflicted by the prisoner, Henry Wallace. Your inquiry, therefore, will be to determine the grade of the homicide.

The defendant's counsel admit that the homicide is manslaughter, but claim that it can be of no higher grade; while the State claims that it is murder of the first degree.

Inasmuch as under this indictment you may find the prisoner guilty of any one of the three grades of homicide, viz., of murder of the first degree, of murder of the second degree or of manslaughter, whichever may be justified by the evidence, it becomes important for us to define these three grades for your information.

Murder of the first degree, that is, with express malice aforethought, is where the homicide was committed with sedate, deliberate mind and formed design to kill.

If the homicide was committed with such sedate, deliberate mind and formed design, even though such deliberate mind and formed design existed only for a moment, it would be sufficient.

Murder of the second degree, that is, with implied malice, is where there is no such sedate, deliberate mind and formed design to take life, but where the circumstances surrounding the case show that the homicide was perpetrated by a wicked and depraved heart and with a cruel and reckless indifference to human life. In such case the law implies malice, and makes the offense murder of the second degree.

In both degrees of murder, you will note that malice is the essential ingredient; without malice there can be no murder.

Malice is the expression of a wicked and depraved heart and mind and of a cruel disposition.

Manslaughter is where the homicide is wilful and unlawful, but is committed under such circumstances of provocation or alle-

viation as to rebut the implication of malice and reduce it below the grade of murder of the second degree. As where one in a mutual altercation in the heat of blood, or in a transport of passion upon sufficient provocation, without malice, inflicts the mortal wound, without time for reflection and for the passions to cool. Thus far the law recognizes the infirmity of human temper. In all such cases, however, there must be the entire absence of wilful wickedness and cruelty; it must result from heat of blood or transport of passion.

Taking these three definitions, you are to determine the grade of the offense of the prisoner in this case, considering therein the following rules:

*First,* where the killing is admitted and no accompaning circumstance of justification, excuse or mitigation appear, the law presumes that it was done with malice aforethought; and in such case it is incumbent on the prisoner to show such provocation or alleviation as will suffice in law to rebut malice; unless it appears from the evidence on the part of the State.

*State vs. Frazier, 1 Houst. Crim. Cases, 176.*

If death is produced by a deadly poison, great must be the provocation to reduce the homicide from the grade of murder to the grade of manslaughter.

*State vs. Hurley, Ibid, 28.*

If the deceased used a deadly weapon in a fight with the prisoner at the time of the homicide, that is a fact to be considered by you in ascertaining the grade of the crime. Its effect upon your minds must depend upon the manner in which and the circumstances under which it was used by the deceased.

In considering whether the prisoner is guilty of murder either of the first or of the second degree you are to be governed by the following rules of law:

Every person is presumed to be innocent of the crime charged until he is proven guilty. If upon considering all the evidence there is a reasonable doubt remaining in the minds of the jury as

to the guilt of the prisoner, the accused is entitled to the benefit of that doubt. It is not sufficient to establish probability, though a strong one, arising from the doctrine of chance, that the fact charged is more likely to be true than otherwise; but the evidence must establish the truth of the fact to a reasonable and moral certainty; a certainty that convinces and directs the understanding and satisfies the reason and judgment of those who are bound to act conscientiously upon it.

*State vs. Goldsborough, Ibid, 316.*

It is incumbent on the State to prove every material element of the crime charged. In murder malice is a material element and must be proved beyond a reasonable doubt. It may be proved, however, by any and all circumstances surrounding the case, which show that the act complained of was the outcome of a cruel, wicked and depraved heart and was wilfully and recklessly done.

If, after a careful and conscientious consideration of all the evidence in this case, there remains in your mind a reasonable doubt of the proof of any of the material elements of the crime of murder of either degree, you should give the benefit of such doubt to the prisoner. Such doubt, however, must be reasonable, growing out of all the circumstances of the case, as disclosed by the evidence, and such as would prevent reasonable men from reaching a conclusion to a moral certainty. It must not be a fanciful doubt or one growing out of conjecture, speculation or sympathy.

Under these instructions upon the law, it is now your duty to determine from the evidence that you have heard what your verdict shall be.

If you believe from the evidence that the prisoner killed the deceased with sedate, deliberate mind and formed design, then your verdict should be guilty in manner and form as he stands indicted.

If, however, you believe that he did not so kill the deceased, but that the mortal blow was inflicted by him cruelly and recklessly with indifference to human life, the law would imply malice,

and your verdict should be not guilty in manner and form as he stands indicted, but guilty of murder of the second degree.

But if you believe that malice did not exist when he gave the mortal wounds, then your verdict should be not guilty in manner and form as he stands indicted, but guilty of manslaughter; of which last named crime his counsel admit that he is guilty.

Verdict, guilty of murder of the second degree.